who had directed the jury that a delivery of part of the thing given was a good delivery of the whole of that species of property, took several days to consider of the motion for a new trial, and came into court with divers books, which he read in support of his former opinion. Our law, he said, was taken from the civil law, which allowed of a possession of part to be given in the name of the whole. 1 Brown Civil and Admiralty Law, 256. He said it was also analogous to the common law respecting the seisin of lands or of rents, where one thing may be given in the name of seisin of the rent or land. He cited 1 Inst., 1596, 160, 315. It was true, he said, there are not many old books which treat of this subject, because in ancient times personal property was not considerable enough to engage the attention of law writers. He said the doctrine which he delivered to the jury was to be (338) found in modern books, particularly in Wood's Institutes, 242, where it is said: "Upon a gift, or bargain and sale of goods and chattels personal, the delivery of sixpence or a spoon is a good seisin of the whole." Here was a delivery of part of the corn, which the jury are at liberty to consider as a delivery of the whole corpus of which that thing was a part. But it cannot be considered as a delivery of all the things given, because the horse, one of the articles enumerated in the gift, was present, and might have been delivered, and yet was not; and as to the hogs and the negro boy, no words were expressed to show an intent that the ear of corn should be a symbol of these. There must, therefore, be a new trial, unless the plaintiff will release the damages for all but the corn.
They did so, and the verdict stood for the residue.
NOTE. — Upon the first point, see McCullock v. Tyson, 9 N.C. 336, and Garmon v. Barringer, 19 N.C. 502.
On the other point, see the note to Arrington v. Arrington, 2 N.C. 1, and the case of Adams v. Hayes, 24 N.C. 361.
Cited: Brittain v. Howell, 19 N.C. 108; Garmon v. Barringer, ib., 503.